UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARIN JOY LUTSCH,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MUTUAL OF ENUMCLAW<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. 2:25-CV-1580-DWC<br><br>ORDER GRANTING MOTION TO CONTINUE AND DENYING MOTION FOR SUMMARY JUDGMENT AND MOTION TO CONFIRM |

Presently before the Court is Plaintiff Sharin Joy Lutsch's Motion for Partial Summary Judgment (Dkt. 17) and Motion to Confirm Unanimous Appraisal Award (Dkt. 20) and Defendant Mutal of Enumclaw Insurance Company's Motion to Continue Briefing Schedule (Dkt. 29). After consideration of the relevant record, the Court interprets Defendant's Motion as a request under Rule 56(d), grants the Motion to Continue (Dkt. 29), and denies Plaintiff's Motion for Summary Judgment (Dkt. 17) and Motion to Confirm Unanimous Appraisal Award (Dkt. 20) without prejudice and with the right to refile.

I.   **Background**

This case arises from insurance contract dispute between Plaintiff, the insured, and Defendant, the insurer. *See* Dkt. 1-3. On August 20, 2025, Defendant removed this action from Whatcom County Superior Court to this Court. Dkt. 1. On October 1, 2025, Defendant filed the answer and the parties' joint discovery plan/joint status report ("JSR"). *See* Dkts. 13, 14. On October 3, 2025, the Court entered an Order Setting Trial, Pretrial Dates, and Ordering Mediation. Dkt. 15.

Plaintiff filed the Motion for Partial Summary Judgment and Motion to Confirm Appraisal Award on October 30, 2025. Dkts. 17, 20. The Court granted an unopposed motion to extend the briefing schedule, and Defendant's response to the pending Motions was due on or before December 12, 2025. Dkt. 28. On December 9, 2025, Defendant filed the Motion to Continue the Briefing Schedule, requesting an additional 30 days to respond to the Motion for Partial Summary Judgment and Motion to Confirm Unanimous Appraisal Award. Dkt. 29. Plaintiff filed a response opposing the Motion to Continue, arguing discovery is not necessary to respond to Plaintiff's pending Motions. Dkt. 31. On December 11, 2025, the Court entered an Order directing Defendant to file a reply addressing Plaintiff's arguments. Dkt. 33. Defendant filed the Reply on December 15, 2025. Dkts. 34, 35. The Court has considered the record and finds oral argument is not necessary to resolve the matters before the Court.

II.   **Discussion**

In the Motion for Partial Summary Judgment, Plaintiff states she is seeking dismissal of Defendant's two affirmative defenses. Dkt. 17. Plaintiff states Defendant's first affirmative defense – conditions precedent – is vague. *Id*. Plaintiff states Defendant's second affirmative defense – failure to cooperate – is based on outdated law. *Id*. In the Motion to Confirm Unanimous Appraisal Award, Plaintiff requests the Court confirm a unanimous appraisal award

ORDER GRANTING MOTION TO CONTINUE
AND DENYING MOTION FOR SUMMARY
JUDGMENT AND MOTION TO CONFIRM - 2

in the principal amount of $307,514.69. Dkt. 20. Defendant has now filed an extension of time stating it needs additional time to conduct discovery related to the Motion for Partial Summary Judgment and Motion to Confirm Unanimous Appraisal Award. Dkt. 29.

The Court will first address Defendant's Motion to Continue the Briefing Schedule. Dkt. 29. In the Motion, Defendant states it needs to conduct discovery to respond to Plaintiff's two pending Motions. *Id*. The Court interprets Defendant's Motion as a Rule 56(d) request.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

1    Here, Plaintiff filed the Amended Complaint on September 24, 2025. Dkt. 10. One week
2 later, on October 1, 2025, the parties filed a JSR and Defendant filed the Answer. Dkts. 13, 14.
3 In the JSR, the parties stated initial disclosures would be exchanged on October 16, 2025. Dkt.
4 13. The Court entered the Order setting the trial date and pretrial deadlines on October 3, 2025.
5 Dkt. 15. The deadline to complete discovery is March 13, 2026 (expert witness deadline) and
6 dispositive motions must be filed by May 14, 2026. *Id*. Approximately two weeks after initial
7 disclosures were exchanged, Plaintiff filed the two pending Motions. *See* Dkts. 17, 20. Thus, at
8 the time Plaintiff filed the dispositive Motions, initial disclosures had recently been exchanged
9 and the discovery period had been open for less than 30 days.

10    Defendant's counsel submitted two declarations that state Defendant needs additional
11 discovery regarding Plaintiff's intentions to repair and replace, a condition precedent of the
12 policy and information necessary to address the Motions. Dkt. 30, Thenell Dec., ¶ 5; Dkt. 35,
13 Thenell Dec., ¶ 2. Counsel states he needs to take Plaintiff's deposition. Dkt. 30, Thenell Dec., ¶
14 6. Counsel also states he has served discovery and retained an investigator and needs both the
15 discovery responses and investigator's report to respond to Plaintiff's Motions. *Id*. at ¶¶ 7-8.
16 While the declarations do not contain detailed information, the declarations state that Defendant
17 seeks to obtain information from specific sources and seeks to obtain information necessary to
18 respond to Plaintiff's Motions. For example, Defendant needs to obtain information from
19 Plaintiff regarding a condition precedent. *See id*. at ¶¶ 4-5. As discovery had just commenced
20 when Plaintiff's Motions were filed and Defendant has served discovery, hired an investigator,
21 and scheduled a time for the investigator to conduct the property inspection, there is no evidence
22 Defendant has not diligently pursued discovery in this case. Further, as the case is in its infancy,
23
24

ORDER GRANTING MOTION TO CONTINUE
AND DENYING MOTION FOR SUMMARY
JUDGMENT AND MOTION TO CONFIRM - 4

the Court finds Defendant has provided sufficient specificity in the declarations to satisfy Rule 56(d). Accordingly, Defendants have met the Rule 56(d) requirements.

In response to the Motion to Continue, Plaintiff's counsel states that discovery is not necessary to respond to the Motions, Defendant's counsel did not previously indicate he thought discovery was necessary to respond to the Motions, and Plaintiff's counsel's schedule does not allow him to add new matters to his schedule. Dkts. 31, 32. As the Court finds discovery is necessary to respond to the Motions, the Court is not persuaded by Plaintiff's arguments.

The discovery period has just started and the parties should be allowed adequate time to conduct discovery and file dispositive motions. Additional discovery may alter the arguments submitted by both parties, which would likely require supplemental briefing and additional dispositive motions. Therefore, deferring the Motion for Summary Judgment and Motion to Confirm Unanimous Appraisal Award is not an efficient use of judicial resources. Accordingly, the Court finds denying the Motion for Partial Summary Judgment and Motion to Confirm Unanimous Appraisal Award without prejudice is appropriate in this case.

### III. Conclusion

For the above stated reasons, the Court grants Defendant's Motion to Continue (Dkt. 29) and denies the Motion for Summary Judgment (Dkt. 17) and Motion to Confirm Unanimous Appraisal Award (Dkt. 20) without prejudice. The parties may refile dispositive motions once the parties have meaningfully engaged in the discovery process.

Dated this 17th day of December, 2025.

David W. Christel
United States Magistrate Judge